Ms. Kay Barnhill Terry State Personnel Administrator Office of Personnel Management Department of Finance and Administration
1509 West Seventh Street, Suite 201 Little Rock, Arkansas 72203-3278
Dear Ms. Terry:
I am writing in response to several requests, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for my opinion on whether the release of certain records in the Arkansas Administration Statewide Information System or "AASIS" would be consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to-110 (Repl. 2002 and Supp. 2009). The requests reference an email to Richard Weiss, Director of Finance and Administration, received from Gavin Lesnick of ArkansasOnline for an electronic copy of the name, job title, department and annual salary of all state employees who make less than $100,000.
It is my understanding that your office intends to release the requested information, to the extent it is included in the requested database.
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of certain employee-related documents is consistent with the FOIA. In the present case, the custodian has determined that the requested records are personnel records and should be released. In my opinion the custodian's decision is consistent with the FOIA. *Page 2 
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2009).
Given that the subjects of the request are public employees, I believe documents containing the requested information clearly qualify as "public records" under this definition. As one of my predecessor noted: "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Op. Att'y Gen. 99-305.
The pertinent exemption in this instance is the one for "personnel records." A.C.A. § 25-19-105(b)(12) (2007). This office has previously opined that "records relating to [an employee's] hiring date and salary information are clearly `personnel records' for purposes of the FOIA." Op. Att'y Gen. 2004-320. Additionally, as a general rule the name of a public employee, like salary information, is contained in records that are properly classified as "personnel records." Op. Att'y Gen. Nos. 2005-074 and 2003-095, and opinions cited therein.
"Personnel records" are open to public inspection and copying under the FOIA, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2009). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the *Page 3 
public in accessing the records against the individual's interest in keeping the records private. Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. at 598. (Emphasis added).
However, as the court noted in Stilley v. McBride,332 Ark. 306, 312, 965 S.W.2d 125 (1998), when there is "little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his privacy interests outweighed that of the public's under the circumstances presented. Id. at 313.
At issue, then, is whether disclosing documents that record an employee's name, job title, department and salary would amount to a "clearly unwarranted invasion of personal privacy" under this balancing test. In my opinion, it would not. Numerous previous opinions of this office support the conclusion that the public interest in this type of basic employment information is substantial and any potential privacy interest does not outweigh it.E.g., Op. Att'y Gen. 2008-050, citing Op. Att'y Gen. Nos. 2007-001, 2005-194, 2005-057, 2004-225, and 2002-087.See also Op. Att'y Gen. 2005-074 (citing a number of previous opinions to the effect that the names of public employees are generally subject to disclosure, including Op. Att'y Gen. 90-335 ("[t]he `public' is the employer of these individuals, and pays their salaries [and] [i]t is not unreasonable to expect that an *Page 4 
employer would have an interest in knowing whom it employs[;]") and Op. Att'y Gen. 95-220 ("[c]ourts have found relatively little privacy interest in records revealing names of public employees.")); Op. Att'y Gen. 2003-298 ("[T]he public interest in obtaining salary information relating to public employees, including the identity of particular employees, outweighs the employees' privacy interests."); 98-126 ([S]alary information is clearly subject to disclosure, as such information does not constitute a "clearly unwarranted invasion of personal privacy[,]" citing Op. Att'y Gen. Nos. 96-205, 95-242, 95-070, and 94-198.).
It is therefore my opinion that the public interest prevails with respect to this basic employment information and the custodian's decision to release a record listing employees' names, job titles, departments and salaries is consistent with the FOIA.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh